**In re TRANSUE & WILLIAMS STAMPING CO., Debtor.**

**Bankruptcy No. 93–60269.**

United States Bankruptcy Court, N.D. Ohio.

July 30, 1999.

---

Patrick Keatin, Buckingham, Doolittle & Burroughs, Akron, OH.

Jeffrey Toole, Buckley, King & Bluso, Cleveland, OH.

## MEMORANDUM OF DECISION

JAMES H. WILLIAMS, Bankruptcy Judge.

Pending before the Court is a Motion for Allowance of Claim/Right of Recovery filed by EWI, Inc. (EWI). Transue & Williams Stamping Co. (T & W) filed a response in opposition to the motion to which EWI has replied. After carefully considering the positions taken by the respective parties, the Court finds that EWI's motion should be DENIED.

### FACTS

A brief synopsis of the procedural and substantive facts follows:

On February 10, 1993, T & W filed a petition for relief under Chapter 11 of Title 11 of the United States Code. On August 10, 1993, T & W commenced an adversary proceeding against George Hofmeister, an officer and director of EWI, seeking a declaratory judgment disallowing a proof of claim filed by Hofmeister and another individual. On November 12, 1993, T & W filed an Amended Complaint naming EWI as an additional defendant. In December, 1995, T & W entered into a settlement agreement with EWI and Hofmeister in which EWI and Hofmeister jointly agreed to pay T & W $400,000.00 in installments. Payments were to begin immediately, even though the Court did not approve the settlement until March 6, 1996. Between December 29, 1995, and April 30, 1996, EWI paid T & W the sum of $325,000.00. EWI filed its own petition for relief under Chapter 11 of Title 11 of the United States Code on April 30, 1996. It is undisputed that $225,000.00 of EWI's payment to T & W was paid within ninety days of EWI's petition date. In a May 1, 1996 letter to Mr. Hofmeister's counsel, T & W's attorney noted the possibility of the avoidance of "the previous settlement payments made by EWI ..." in the EWI bankruptcy. *See*, Exhibit 1 attached to EWI's Memorandum in Support of its Motion. On June 13, 1996, T & W filed a motion to enforce the settlement agreement only against Hofmeister as a result of EWI's bankruptcy filing. In that motion, T & W recognized that it was precluded by the automatic stay triggered by the filing of EWI's bankruptcy petition from collecting the remaining $75,000.00 due under the settlement agreement from EWI. T & W admits receiving the remaining $75,000.00 from Mr. Hofmeister.

On October 28, 1997, approximately eighteen months after EWI commenced its bankruptcy case, the Court confirmed T & W's plan of reorganization. As part of that process, Mr. Leslie Newman was appointed as Trustee of the T & W Distribution Trust. In March, 1998, EWI commenced its analysis of potential preference claims. *See*, Certification of Phillip LoMonaco at ¶ 3. It is clear that, pursuant

to 11 U.S.C. § 546(a), EWI had until April 30, 1998, to commence any actions to recover potential preferential transfers. On April 30, 1998, EWI filed nine preference complaints, including the instant complaint seeking to recover, pursuant to 11 U.S.C. § 547, the three transfers totaling $225,000.00 which EWI paid to T & W in the ninety days prior to EWI's petition date. T & W subsequently filed a motion to dismiss, claiming that the terms of its confirmed plan of reorganization barred EWI from recovering any alleged preferential transfers. The parties entered into negotiations and agreed to adopt certain procedures set forth in a stipulated Order entered on September 11, 1998, which provided that:

> T & W agrees to withdraw the arguments made in its Motion to Dismiss pertaining to non-Section 547(c) defenses and to reserve each and every such defense for adjudication in the T & W case, in the event that EWI files a Motion for Allowance of Claim in the T & W case. EWI agrees not to interpose any defense of estoppel, waiver or laches to any of T & W's non-Section 547(c) defenses to T & W's response to EWI's anticipated Motion for Allowance of Claim in the T & W case.

*See,* Stipulated Order Denying Motion to Dismiss, Reserving Defenses and Granting Leave to Plead, Exhibit A attached to EWI's Motion. On September 11, 1998, the parties entered into another agreed Order which allowed EWI to maintain its adversary proceeding against T & W in order to determine whether T & W had received preferential transfers from EWI. That Order provided:

> In the event that the Court enters a judgment in favor of EWI in the EWI Adversary, EWI shall have thirty (30) days from the date such judgment entry becomes final to file a Motion for Allowance of Claim in the T & W Case, which

claim, if allowed, shall be accorded general unsecured status under Article IX of the T & W Plan.

*See,* Agreed Order Granting Limited Relief from Injunction, *Nunc Pro Tunc,* to EWI, Inc., Exhibit L, attached to T & W's Memorandum in Opposition to EWI's Motion. On March 22, 1999, the Court granted partial summary judgment in favor of EWI, finding that the transfers in the aggregate amount of $225,000.00 were avoidable preferential transfers pursuant to 11 U.S.C. § 547(b). The Court also held that such findings did not constitute an order for recovery of the transfers under 11 U.S.C. § 550. It is this claim which EWI now seeks to have allowed in T & W's bankruptcy case.

It is undisputed that EWI did not file a proof of claim in T & W's bankruptcy case prior to the claims bar date of July 19, 1993, although EWI was listed on T & W's creditor matrix and on Schedule F of T & W's bankruptcy schedules as holding a contingent, unliquidated and disputed claim valued at $0.00. EWI, in fact, did not attempt to assert a claim against T & W's bankruptcy estate until April 30, 1998, when it filed its preference actions. It is also undisputed that if EWI's claim is allowed, the claim will be accorded general unsecured status under the terms of T & W's plan of reorganization.[1] *See,* Agreed Order Granting Limited Relief from Injunction, *Nunc Pro Tunc,* to EWI, Inc., Exhibit L, attached to T & W's Memorandum in opposition to EWI's Motion.

### DISCUSSION

The Court has jurisdiction in this contested matter by virtue of Section 1334(b) of Title 28 of the United States Code and General Order No. 84 entered in this district on July 16, 1984. This is a core proceeding under Section 157(b)(2)(B) of Title 28 of the United States Code. This Memorandum of Decision constitutes the

---

1. At the hearing, counsel for EWI conceded that its claim, if allowed, can only be accorded general unsecured status.

Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

### Standards for Allowing a Late–Filed Claim under Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure

Both parties agree that the decision to allow EWI to assert an admittedly late claim against T & W's bankruptcy estate lies within the discretion of the Court and requires a balancing of the equities. In order to ascertain whether EWI should be allowed such a claim, the Court must consider the impact that the allowance of EWI's claim would have on each bankruptcy estate's unsecured creditors.

Rule 9006(b)(1) empowers a bankruptcy court to permit a late filing if the movant's failure to comply with an earlier deadline "was the result of excusable neglect." [2] The United States Supreme Court in *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), held that an attorney's failure to file proofs of claim in a Chapter 11 case before the claims bar date constituted excusable neglect under Rule 9006(b)(1) and the determination of what sorts of neglect will be considered "excusable" is an equitable one, taking into account all relevant circumstances including whether any prejudice will affect the debtor if the claim is allowed and whether the creditor acted in good faith. The Court noted that:

> [I]n overseeing this latter process, the bankruptcy courts are necessarily entrusted with broad equitable powers to balance the interests of the affected parties, guided by the overriding goal of ensuring the success of the reorganization. This context suggests that Rule

9006's allowance for late filings due to "excusable neglect" entails a correspondingly equitable inquiry.

*Pioneer Investment*, 507 U.S. at 389, 113 S.Ct. at 1495, 123 L.Ed.2d at 86 (citations omitted). In discussing what factors bankruptcy courts should take into account in determining what sorts of neglect are considered "excusable," the Court stated:

> [W]e conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include, as the Court of Appeals found, *the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.*

*Pioneer Investment*, 507 U.S. at 395, 113 S.Ct. at 1498, 123 L.Ed.2d at 89 (emphasis added). The Court will attempt to apply these principles to the facts at hand.

EWI urges that the circumstances satisfy the factors mentioned in *Pioneer Investment*. It maintains that it did not know it had a preference claim until April, 1998, long after T & W's plan of reorganization was confirmed on October 28, 1997. EWI claims that once its own bankruptcy case commenced on April 30, 1996, it was consumed in time-sensitive matters and had lost its key employees, depriving it of valuable information regarding the existence of any potential preference claims. EWI also argues that the delay in assertion of its claim was not substantial in light of the fact that T & W knew of EWI's potential preference claim long before T & W's plan

---

**2.** Rule 9006(b)(1) provides:

Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified time period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged

if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure.

was confirmed. *See*, Exhibit 1 attached to EWI's Memorandum in Support of its Motion. EWI, however, admits that the delay in filing its preference action against T & W was well within its control. EWI also claims that it acted in good faith in bringing its preference action against T & W long after T & W's plan of reorganization was confirmed because it filed its action within the statute of limitations period codified in 11 U.S.C. § 546(a).

Furthermore, EWI alleges that it did not receive adequate notice in accordance with Rule 2002(g) of the Federal Rules of Bankruptcy Procedure because T & W did not send notice of its disclosure statement, plan of reorganization, confirmation order, and administrative claim bar dates to EWI.[3] EWI states that T & W only sent notice to Harry Greenfield, EWI's bankruptcy counsel, not to EWI specifically, and that such notice was defective because it was not sent to Mr. Greenfield in his capacity as counsel for EWI. EWI claims that this omission is significant because Mr. Greenfield represented an unrelated creditor in T & W's bankruptcy case and once that creditor's involvement in T & W's bankruptcy case had ended, Mr. Greenfield no longer needed to closely monitor events occurring in T & W's bankruptcy case.

The Court's consideration of the factors outlined in *Pioneer Investment*, leads it to conclude that EWI has not demonstrated "excusable neglect" as that phrase is used in Rule 9006(b)(1).

First, the Court finds that the allowance of EWI's claim would impose an undue prejudice upon T & W and its unsecured creditors. It is undisputed that T & W's plan of reorganization was confirmed on October 28, 1997, approximately eighteen months after EWI's bankruptcy petition

was filed. EWI, however, did not attempt to assert its preference action to recover the settlement payments which it made to T & W prior to T & W's plan of reorganization being confirmed despite its counsel being provided notice of all significant bar dates. *See* Exhibits A, I, and J attached to T & W's Memorandum in Opposition. It is also undisputed that EWI did not have an allowed claim in T & W's bankruptcy case as of the confirmation date and did not object to the confirmation of T & W's plan of reorganization. Article VIII of T & W's plan of reorganization expressly precludes entities such as EWI from asserting any claim against any property distributed under the plan for actions of any nature which occurred prior to the effective date of the plan and provides an injunction to prevent any creditor from asserting such a claim. It is clear that the preferential payments which T & W received from EWI occurred prior to the confirmation of its plan and, thus, EWI is precluded from asserting its admittedly late claim against T & W's bankruptcy estate. *See, e.g., In re Eagle–Picher Industries, Inc.*, 215 B.R. 983 (Bankr. S.D.Ohio 1997). The Court finds that the allowance of EWI's claim would disrupt the effect of confirmation by unduly prejudicing T & W's creditors who have or will receive distributions under T & W's plan of reorganization.

Once EWI filed its petition on April 30, 1996, it had the right to commence an adversary proceeding against T & W to recover the preferential transfers at issue. EWI, however, took no action to assert a claim in T & W's bankruptcy case until it commenced its adversary proceeding on April 30, 1998, approximately six months after T & W's plan was confirmed and two

---

**3.** Rule 2002(g) provides:

All notices required to be mailed under this rule to a creditor, equity security holder, or indenture trustee shall be addressed as such entity or an authorized agent may direct in a filed request; otherwise, to the address shown in the list of creditors or the sched-

ule whichever is filed later. If a different address is stated in a proof of claim duly filed, that address shall be used unless a notice of no dividend has been given.

Rule 2002(g) of the Federal Rules of Bankruptcy Procedure

years after its own petition was filed. The Court recognizes that EWI, pursuant to 11 U.S.C. § 546(a), had a right to commence any preference action within two years of its petition date. However, the Court is persuaded that the circumstances which occurred between these two entities should have motivated EWI to assert some type of claim in T & W's case prior to the confirmation of T & W's plan of reorganization.

Pursuant to the March 6, 1996, Order approving the settlement agreement between EWI and T & W, EWI knew that payments totaling $225,000.00 were made to T & W within ninety days of its petition date. For example, EWI scheduled T & W as a creditor in its bankruptcy schedules holding a claim of approximately $75,-000.00 representing the final payment due T & W under the settlement agreement. *See*, EWI Schedule F. EWI also acknowledged the existence of the adversary proceeding with T & W in its bankruptcy schedules. *See*, EWI's Statement of Financial Affairs, Item 4. It is also undisputed that EWI filed a Notice of Appearance in T & W's case. *See*, Exhibit A attached to T & W's Memorandum in Opposition. It is true that the Notice of Appearance was filed by different counsel than EWI's current bankruptcy counsel. However, that counsel served as EWI's special counsel during EWI's bankruptcy until December 31, 1996, approximately eight months after EWI filed its bankruptcy petition. *See*, EWI's Memorandum in Support of its Motion at p. 15, fn. 7. Thus, counsel for EWI was provided adequate notice of T & W's bankruptcy in order to timely assert a claim. Accordingly, the Court finds that EWI's position as a Chapter 11 debtor does not entitle it to any special status apart from other unsecured creditors in T & W's bankruptcy case, especially considering EWI's prior knowledge of the payments made to T & W and the length of time which EWI had to assert such a claim prior to the confirmation of T & W's plan of reorganization.

EWI's argument about lack of proper notice of T & W's plan and the confirmation process pursuant to Rule 2002(g) rings hollow for the reasons set forth at p. 7 *supra*. The Court finds that the notice given was adequate to make EWI aware of T & W's confirmation process considering that both EWI and T & W listed each other as creditors in their bankruptcy schedules and EWI acknowledged the existence of the adversary proceeding between the parties. EWI's bankruptcy counsel and its special counsel knew, or should have known, that T & W's confirmation process would have an adverse effect on EWI's own case and a claim should, therefore, have been timely asserted. T & W denies any action to deliberately provide inadequate notice to EWI and the Court accepts that argument in light of the fact that relevant notices were not only sent to counsel requesting notice on behalf of EWI but also to the attorney who ultimately became EWI's bankruptcy counsel.

Furthermore, the Court holds that EWI's claim should not be allowed because of the length of its delay and its impact on court administration of the T & W case. As mentioned earlier, EWI had approximately eighteen months after its own petition date to attempt to recover the preferential transfers made to T & W before T & W's plan was confirmed but did nothing to preserve its claim. In fact, EWI did not file its adversary proceeding against T & W until almost 6 months after T & W's plan was confirmed. EWI claims that it did not know of the preference claim until April, 1998. The method of notice to EWI and its counsel, however, was sufficient to inform EWI of the immediate necessity to assert a claim in T & W's bankruptcy case.

Further, EWI itself knew or should have known that it had a potential preference claim in light of its knowledge of the adversary proceeding and subsequent settlement agreement between the parties which was acknowledged in EWI's bankruptcy petition. *See*, EWI Schedule F and

Statement of Financial Affairs. This belies EWI's argument that it was unaware of a potential preference action against T & W. It is clear that based upon the surrounding circumstances, someone affiliated with EWI knew or should have known of this potential action and considering the amount involved, $225,000.00, some action should have been timely undertaken by EWI. The complexities of EWI's case do not excuse it from conducting an early investigation into the potential assertion of a claim against T & W's estate especially considering T & W's unique status as a Chapter 11 debtor with confirmation proceedings occurring.

Counsel for T & W asserts that the determination of EWI's claim is the only significant matter left to be decided in its case before closing. If the Court were to allow EWI's claim, however, counsel for EWI acknowledges that T & W would probably file a claim in EWI's case which would result in further litigation and a depletion of T & W's assets. Moreover, EWI also acknowledges that it has filed an adversary proceeding against EWI's former principal, George Hofmeister, to recover the preferential transfers at issue.

EWI claims that T & W knew of EWI's potential preference claim and, thus, had a duty to alert EWI of its claim and to resolve all outstanding claims against its estate. *See, e.g., In re Fonda Group, Inc.,* 108 B.R. 962, 967 (Bankr. D.N.J.1989). The Court disagrees. T & W's responsibility as a Chapter 11 debtor is to preserve estate assets and to ensure an equal distribution to creditors. T & W, or any other Chapter 11 debtor, is not responsible to investigate and inform third parties of the fact that potential litigation may be filed against it. EWI, on the other hand, had the duty to investigate any potential preference claims which it could assert to increase estate assets for distribution to its creditors. As mentioned above, EWI's knowledge of the settlement payments made to T & W during the preference period and its knowledge of T & W's bankruptcy should have alerted it to conduct an early investigation in its own bankruptcy of the possibility of asserting a preference action against T & W before T & W's plan of reorganization was confirmed.

Lastly, the Court addresses whether EWI controlled the delay in asserting its claim against T & W's bankruptcy estate and whether EWI acted in good faith in asserting its claim at this stage in T & W's bankruptcy case. EWI, in fact, admits that the delay in filing its preference action was well within its control. As mentioned above, it is obvious that someone at EWI knew of the settlement agreement with T & W and the payments made to T & W pursuant to that agreement. *See,* EWI Schedule F and Statement of Financial Affairs. EWI also was aware of T & W's status as a Chapter 11 debtor and that any claim which it could assert against T & W must have occurred prior to the confirmation of T & W's plan. EWI had approximately eighteen months from its petition date to investigate any potential action against T & W and considering T & W's status as a Chapter 11 debtor, it should have done so if it wished to participate in a distribution from T & W's bankruptcy estate. For all of these reasons, the Court finds that EWI's motion is not well taken and the same should be DENIED.